## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON,**<br>　　　　　　　　**Plaintiff,**<br><br>　　　　**v.**<br><br>**IVEST 360, LLC d/b/a FAST CAPITAL 360,**<br>**and IVEST 360 SYNDICATION GROUP,**<br>**INC.,**<br>　　　　　　　　**Defendants.** | **Civil Action**<br><br>**No. 18-cv-02759** |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Ivest 360, LLC d/b/a Fast Capital 360 and Ivest 360 Syndication Group, Inc. (collectively, "Defendants"), by and through their undersigned counsel, file this Answer and Affirmative Defenses to the Complaint of James Everett Shelton.

### ANSWER

### I. Introduction

1.      Admitted in part, denied in part.  Defendants admit that Plaintiff purports to allege a claim pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA").  Plaintiff's Complaint is a document that speaks for itself.  The TCPA is a federal statute that speaks for itself.  The remaining allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required and are therefore denied.

2.      Denied that the acts of Defendants or Defendants' agents, including telephone solicitations, are illegal in any way. It is specifically denied that Defendants call consumers whose telephone numbers are on the National Do-Not-Call Registry using automated dialing equipment, or that Defendants fail to maintain a Do-Not-Call policy.

3.      Denied as a conclusion of law to which no responsive pleading is required.

1

5290712

4.      Admitted only that the Declaratory Ruling and Order of the Federal Communications Commission cited by Plaintiff contains the quoted language.

5.      Denied.  It is denied that any call made to Plaintiff was made using an "automatic telephone dialing system" or any other equipment that would or could violate the TCPA.

6.      Denied.

7.      Denied that Defendants telephone solicitations are illegal in any way. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the claims asserted are a "common fact pattern" for the reason that this term is vague and undefined. This allegation is therefore denied.

## II. Jurisdiction and Venue

8.      Denied as a conclusion of law to which no responsive pleading is required.

9.      Denied as a conclusion of law to which no responsive pleading is required.

## III. Parties

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence and the allegation that Plaintiff received the alleged phone calls on his private mobile telephone number.

11.      Denied as to the accuracy of the description of the business of Defendant Ivest 360, LLC as alleged in this paragraph.  The remaining allegations of this paragraph are admitted.

12.      Admitted in part, denied in part.  It is admitted that the name "Fast Capital 360" is used by Ivest 360, LLC to conduct business activities, but denied that this name is used by Ivest 360 Syndication Group, Inc. to conduct business.

13.      Admitted in part, denied in part.  It is admitted that Ivest 360 Syndication Group, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with the

2

registered business address listed.  It is denied that it is an alter ego of Ivest 360, LLC, denied

that Ivest 360 Syndication Group, Inc. conducts the business alleged in this paragraph, and

denied that telemarketers use the name "Ivest 360 Syndication Group, Inc." to transact business.

## Background

## The Telephone Consumer Protection Act

14.     The TCPA is a federal statute that speaks for itself.  Defendants object to any

attempt to selectively quote or paraphrase the statute, and accordingly the allegations of this

paragraph are denied.

15.- 19.        The allegations of this paragraph are conclusions of law to which no

response is required and accordingly are denied.

## IV.    Factual Allegations

20.     Denied that the allegation of this paragraph is a complete and accurate description

of Defendants' business.

21.     Admitted.

22.     Denied.

23.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph for the reason that such information is within

the exclusive control of the Plaintiff.

24.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph for the reason that such information is within

the exclusive control of the Plaintiff.  By way of further answer, Defendants are investigating the

facts relating to all alleged communications, and do not have sufficient knowledge or

information to admit or deny the truth of such allegations within the time allowed for answering

3

the Complaint because the investigation is not complete, and accordingly said allegations are denied.

25.     Admitted only that Defendant Ivest 360 contacted Plaintiff on certain dates by certain means of communication.  The remaining allegations of this paragraph are denied because Defendants are investigating the facts relating to such alleged communications, and do not have sufficient knowledge or information to admit or deny the truth of such allegations within the time allowed for answering the Complaint because the investigation is not complete, and accordingly said allegations are denied.  By way of further answer it is alleged that Defendants have never contacted Plaintiff, or anyone else, using an Automatic Telephone Dialing System as defined in the TCPA.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph for the reason that such information is within the exclusive possession and control of the Plaintiff, and accordingly said allegations are denied. By way of further answer, Defendants are investigating the facts relating to all alleged communications, and do not have sufficient knowledge or information to admit or deny the truth of such allegations within the time allowed for answering the Complaint because the investigation is not complete, and accordingly said allegations are denied.

27.     Defendants are investigating the facts relating to such alleged communications, and do not yet have sufficient knowledge or information to admit or deny the truth of such allegations within the time allowed for answering the Complaint because the investigation is not complete, and accordingly said allegations are denied.

28.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph for the reason that such information is within

4

the exclusive control of the Plaintiff, and accordingly said allegations are denied. By way of further answer, Defendants are investigating the facts relating to all alleged communications, and do not have sufficient knowledge or information to admit or deny the truth of such allegations within the time allowed for answering the Complaint because the investigation is not complete, and accordingly said allegations are denied.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph for the reason that Defendants are investigating the facts relating to such alleged communications and this investigation is not complete, and  because information relevant to these allegations is within the exclusive possession and control of the Plaintiff.  Accordingly said allegations are denied.  Defendants are unable to admit or deny the allegation that "automated dialing technology was used to made the calls at issue" for the reason that the term "automated dialing technology" is vague and undefined.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "a click and pause is indicative of a predictive dialer."  It is denied that Defendants have used, during any time relevant to this Complaint, an automatic telephone dialing system, as that term is defined in the TCPA, or a predictive dialer, or any other technology that violates any law or regulation.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly said allegations are denied.

31.    The allegation that Plaintiff did not fill out any forms or make any inquiries about funding is denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in this paragraph, and accordingly said allegations are denied.

5290712

32.- 38.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs for the reason that Defendants are investigating the facts relating to such alleged communications and this investigation is not complete.  Accordingly, said allegations are denied.

39.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph for the reason that Defendants are investigating the facts relating to such alleged communications and this investigation is not complete, and  because information relevant to these allegations is within the exclusive possession and control of the Plaintiff.  Accordingly, said allegations are denied.

40.       Denied.

41.       Denied.

42.       Admitted that Defendants did not reply to Plaintiff's demand to provide evidence of consent, but denied that such reply is required under the law.

43.       Admitted only that Plaintiff, in the context of an email threatening litigation, requested one of Defendants' employees to provide a copy of Defendants' "do-not-call policy."

44.       Admitted only that Plaintiff, in the context of an email threatening litigation, requested one of Defendants' employees to provide a copy of Defendants' "do-not-call policy." Denied that Plaintiff has a right to receive this policy under the circumstances of this case.

45.       The allegations of this paragraph are conclusions of law to which no responsive pleading is required and are therefore denied.

46.       Denied that Defendants did not have consent of Plaintiff to calls from Defendants. By way of further answer, Defendants incorporate their responses to paragraphs 43 and 44,

6

above. The remaining allegations of this paragraph are conclusions of law to which no responsive pleading is required.

47.- 48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs for the reason that information relevant to these allegations is within the exclusive possession and control of the Plaintiff, and accordingly said allegations are denied.

49.    The allegations of this paragraph are conclusions of law to which no responsive pleading is required and are therefore denied.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph for the reason that information relevant to these allegations is within the exclusive possession and control of the Plaintiff, and accordingly said allegations are denied.  To the extent the allegations of this paragraph purport to allege actionable injuries to Plaintiff, they are denied as conclusions of law to which no response is required and are therefore denied.

## **First Cause of Action**

51.    Defendants incorporate by reference their responses to paragraphs 1 through 50, above.

52.- 53.    Denied as conclusions of law to which no response is required.  It is further denied that the Defendants or any agent of Defendants violated the statutory provisions cited herein, or any other law, negligently or in any other way, and denied that Plaintiff is entitled to any relief.

7

5290712

**Second Cause of Action**

54.     Defendants incorporate by reference their responses to paragraphs 1 through 53, above.

55.     Denied as conclusions of law to which no response is required.  It is further denied that Defendants or any agent of Defendants violated the statutory provisions cited herein, or any other law, knowingly or willfully or in any other way, and denied that Plaintiff is entitled to any relief.

56.     Denied that the Defendants or any agent of Defendants violated the statutory provisions cited herein, or any other law, and denied that Plaintiff is entitled to any relief.

**Third Cause of Action**

57.     Defendants incorporate by reference their responses to paragraphs 1 through 56, above.

58.- 59.     Denied as conclusions of law to which no response is required.  It is further denied that Defendants or any agent of Defendants violated the statutory or regulatory provisions cited herein, or any other law, negligently or in any other way, and denied that Plaintiff is entitled to any relief.

**Fourth Cause of Action**

60.     Defendants incorporate by reference their responses to paragraphs 1 through 59, above.

61.- 62.     Denied as conclusions of law to which no response is required.  It is further denied that Defendants or any agent of Defendants violated the statutory or regulatory provisions cited herein, or any other law, knowingly or willfully or in any other way, and denied that Plaintiff is entitled to any relief.

5290712

**Fifth Cause of Action**

63.     Defendants incorporate by reference their responses to paragraphs 1 through 62, above.

64.     Denied as conclusions of law to which no response is required.  It is further denied that Defendants or any agent of Defendants violated the regulatory provisions cited herein, or any other law, negligently or in any other way, and denied that Plaintiff is entitled to any relief.

**Sixth Cause of Action**

65.     Defendants incorporate by reference their responses to paragraphs 1 through 64, above.

66.     Denied as conclusions of law to which no response is required.  It is further denied that Defendants or any agent of Defendants violated the statutory or regulatory provisions cited herein, or any other law, knowingly or willfully or in any other way, and denied that Plaintiff is entitled to any relief.

**WHEREFORE**, Defendants respectfully request this Court enter judgment in their favor and against Plaintiff, and that Defendants be awarded their costs of suit, including reasonable attorneys' fees, as well as any other relief the Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

Defendants hereby incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.  Defendants assert the following affirmative defenses:

1.     Plaintiff is not entitled to any equitable relief based on the doctrine of unclean hands.

9

2.      Plaintiff's is not entitled to any relief because of his own conduct, statements, acts, and/or omissions.

3.      Plaintiff failed to mitigate his damages, and has waived and forfeited his right to recover damages as a result of his own conduct.

4.      By various acts, Plaintiff expressly and by implication communicated to Defendants his consent to be contacted by Defendants and that such contact would cause Plantiff no harm.

5.      If damages or violations of the TCPA or any regulation have occurred as alleged by Plaintiffs, such damages are the direct and proximate result of the acts or omissions of Plaintiff and/or persons or entities other than Defendants, or circumstances in which Defendants had no involvement and for which Defendants are not responsible, and such injuries, damages, violations, or losses are not the result of any act, failure to act, or breach of contractual duty by Defendants.

6.       To the extent anyone purporting to act on behalf of Defendants called Plaintiff using equipment that falls within the definition of an automatic telephone dialing system contained in 27 U.S.C. § 227(a)(1), such act(s) was not authorized by Defendants or made on Defendants' behalf and Defendants are not responsible for such act(s).

7.      Defendants, at all times, acted in good faith.

8.      Defendants did not engage in any willful or intentional wrongdoing at any time.

9.      If Defendants violated the TCPA, which is denied, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

5290712

10.     Plaintiff lacks standing to recover for some or all of the claims alleged in the Complaint.

11.     There is no private right of action for certain claims alleged in the Complaint.

12.     All actions taken by Defendants were taken with the consent of Plaintiff.

13.      Plaintiff's Complaint, and the cause(s) of action alleged therein, is barred because Defendants' conduct was justified and/or privileged.

14.     Defendants did not place the telephone calls identified in Plaintiff's Complaint.

15.     The telephone calls allegedly made to Plaintiff were not made by any Defendant using an "automatic telephone dialing system" within the meaning of the TCPA.

16.      Any and all telephone calls made by any Defendant to a cellular phone, which Defendants deny occurred in violation of the TCPA, were based on Plaintiff's consent, licenses, and/or waiver.

17.     Plaintiff's Complaint, and the cause(s) of action alleged therein, is barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

18.      Plaintiff's request for an order enjoining Defendants is barred because, to the extent Plaintiff was harmed, Plaintiff has an adequate remedy at law.

19.     Plaintiff's Complaint, and the claim(s) alleged therein, fails to state a claim upon which relief may be granted.

20.     Defendants reserve the right to amend or supplement these affirmative defenses to Plaintiff's claim as developments warrant in the course of this action.

5290712

**WHEREFORE**, Defendants respectfully request this Court enter judgment in their favor and against Plaintiff, and award Defendants costs of suit, including reasonable attorneys' fees, as well as any other relief the Court may deem just and proper.

Respectfully submitted,

  /s/ Michael F. Eichert
Michael F. Eichert, Esquire (PA Id. No. 25102)
Nicholas Poduslenko, Esquire (PA Id. No. 51562)
Rigel C. Farr, Esquire (PA Id. No. 316869)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA  19012
215-665-3000

*Attorneys for Defendants, Ivest 360, LLC d/b/a*
*Fast Capital 360 and Ivest 360*
*Syndication Group, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 19th day of July 2018, I caused a true and correct copy of the

foregoing Answer and Affirmative Defenses to be filed electronically and served on the

following via the Court's ECF system and via First Class U.S. Mail:

James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA  19406

  /s/ Michael F. Eichert                                        
Michael F. Eichert, Esquire

5290712