**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES EVERETT SHELTON**        )<br>                                                              )<br>          **Plaintiff,**                             )<br>                                                              )<br>     **v.**                                                )<br>                                                              )<br>                                                              )<br>                                                              )<br>                                                              )<br>                                                              )<br>**IVEST 360 LLC d/b/a FAST CAPITAL 360** )<br>**IVEST 360 SYNDICATION GROUP, INC**    )<br>                                                              )<br>          **Defendants**                          ) | **Case No: 2:18-cv-02759**<br><br>**Honorable Gene E.K. Pratter**<br><br>**MOTION TO STRIKE**<br>**AFFIRMATIVE DEFENSES;**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES** |

**MOTION TO STRIKE FIRST, THIRD, SEVENTEENTH, & NINETEENTH AFFIRMATIVE DEFENSES**

This motion is made pursuant to Federal Civil Rule 12(f) on the grounds that some of the Affirmative Defenses listed in the Answer filed by the Defendants assert only Affirmative Defenses that are insufficient to state a valid defense, or wholly irrelevant to the causes of action alleged in the Complaint, or both, and thus they constitute immaterial allegations which should be stricken.

This motion shall be based upon the attached Memorandum of Points and Authorities, the Amended Complaint, and the Answer to the Amended Complaint.

Dated: 9/19/2018                                                                          RESPECTFULLY SUBMITTED,

*/s/   James Everett Shelton*
James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
Jeshelton595@gmail.com
Plaintiff

# **MEMORANDUM OF POINTS AND AUTHORITIES**

A Motion to Strike is appropriate where the Answer contains insufficient defenses or immaterial matter. Rule 12(f) of the Federal Rules of Civil Procedure states in relevant part that a District Court "*may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.*" It has consistently been held that "*the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.*" See **Fantasy Inc. v. Fogerty** 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds in **Fogerty v Fantasy Inc**., 510 U.S. 517 (1994). See also- **Sun Microsytems, Inc. v. Versata Enterprises, Inc**., 630 F. Supp.2d 395, 402 (D. Del. 2009) (quoting **McInerney v. Moyer Lumber & Hardware, Inc**., 244 F. Supp.2d 393, 402 (E.D. Pa. 2002) where it was held that a motion to strike under Rule 12(f) serves to "*clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.*"

*Under Federal Civil Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. (emphasis added). Accordingly, affirmative defenses may be stricken from the pleadings if they are insufficient as a matter of law.* **Williams v. Provident Inv. Counsel, Inc**., *279 F. Supp. 2d 894, 905 (N.D. Ohio 2003).*

"*Naked assertions devoid of further factual enhancement*" do not suffice. See- **Ashcroft v. Iqbal** , 129 S.Ct. 1937, 1950 (2009).

Perhaps most importantly, none of the following Affirmative Defenses meet the burden detailed in **Bell Atlantic v Twombly** (2007) where the United States Supreme Court held (in pertinent part),

*"This case presents the antecedent question of what a plaintiff must plead in order to state a claim under ง 1 of the Sherman Act. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,"*

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). *While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, id.; **Sanjuan v. American Bd. of Psychiatry and Neurology, Inc**., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ᶴ 1216, pp. 235-236 (3d ed.2004)…"* (emphasis added)

Subsequently in 2009, in **Ashcroft v. Iqbal**, the Supreme Court clarified that the Twombly decision was based on its interpretation and application of Fed. R. Civ. P. 8, which governs the pleading standard in all civil actions. It is therefore reasonable to extend this standard to our own Courts.

In *Hayne v. Green Ford Sales Inc*., *(*District Court D Kansas, 2009*),* the Court stated: *"Since the Supreme Court's decisions in Twombly and Iqbal, several courts have addressed whether the new pleading standard applies to affirmative defenses. A few courts have rejected the heightened pleading standard for affirmative defenses. The majority of courts addressing the issue, however, have applied the heightened pleading standard announced in Twombly, and further clarified in Iqbal, to affirmative defenses. In **United States v. Quadrini**, the Eastern District of Michigan court specifically addressed whether Twombly's standard for pleading sufficiency applied to pleading affirmative defenses. It reasoned that:*

*"This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a "reasonably founded hope" of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. Thus, a wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a "reasonably founded hope" of success…. In this case, the Court agrees with the reasoning of the courts applying the heightened pleading standard to affirmative defenses. **It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses**."* (emphasis added)

The Court's decision cited the cases below, in which Twombly was held to be the applicable standard for Affirmative Defenses.

*CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the Iqbal standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense");

*Tracy ex rel. v. NVR, Inc*., No. 04-CV-6541L, 2009 WL 3153150, at *7-8 (W.D.N.Y. Sept. 30, 2009) (striking affirmative defenses pled in simply conclusory terms, unsupported by any factual allegations, as "plainly deficient under the Iqbal standard");

*FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *2-4 (S.D. Fla. Aug. 13, 2009) (applying Twombly to affirmative defenses); *Teirstein v. AGA Medical Corp*., No. 6:08cv14, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims); *Greenheck Fan Corp. v. Loren Cook Co*., No. 08-cv-335-jps, 2008 WL 4443805, at *1-2 (W.D. Wis. Sept. 25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them);

*Stoffels ex rel. SBC Tel. Concession Plan v. SBC Communications, Inc*., No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008) (applying Twombly pleading specificity standard to affirmative defenses); *Safeco Ins. Co. of Am. v. O'Hara Corp*., 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (holding that the Twombly plausibility standard applies in the context of a defendant asserting an affirmative defense); *Holtzman v. B/E Aerospace, Inc*., No. 07-80551-CIV, 2008 WL 2225668, at *2, (S.D. Fla. May 28, 2008) (citing Twombly as support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defenses" and granting plaintiff's motion for a more definite statement); *United States v. Quadrini*, No. 2:07-CV-13227, 2007 WL 4303213, at *3-4 (E.D. Mich. Dec. 06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses).

Defendant's Affirmative Defenses are not "*legally sufficient under any set of facts which may be inferred from the allegations of the pleadings*." See **Glenside West Corp. v. Exxon Co**. USA, 761 F. Supp. 1100, 1115 (D. N.J. 1991).

Additionally, "*the defendant bears the burden of proof as to whether it is entitled to the benefit of an affirmative defense*. See **Arnett v. Myers**, 281 F.3d 552, 561 (6th Cir. 2002).

See- **Hcri Trs Acquirer, LLC v. Iwer** 708 F. SUPP. 2D 687 (N.D. OHIO 2010)
"The Sixth Circuit explained in **Brown & Williamson Tobacco Corp**. v. United States, 201 F.2d 819 (6th Cir. 1953) as follows:

"…courts developed a three-part test to determine whether an affirmative defense survives a motion to strike. See, e.g., **Williams**, 279 F. Supp. 2d at 905. First, "the matter must be properly pleaded as an affirmative defense." Id. Second, the affirmative defense "must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9." Id. Finally, the affirmative defense must be able to "withstand a Rule 12(b)(6) challenge."'

Several of the Defendant's affirmative defenses are inadequately pleaded under the requirements and these affirmative defenses are unable to withstand a Rule 12(b)(6) challenge.

## **FIRST DEFENSE**

Defendants' First Affirmative Defense must be stricken from the pleadings for the reasons given below. Primarily it is insufficient, it is a mere legal conclusion, and it attempts to revive questions and issues that have already been answered, addressed, and put to rest by every single court that has ever been faced with the issue of a defendant raising a defense of "unclean hands" in regards to an alleged violation of a strict liability law.

Defendants cannot assert a mere legal conclusion of "unclean hands" in an attempt to bar Plaintiff from his right to recover damages pursuant to a statute which establishes strict liability and which Defendants readily admit they violated. See point 54 in Defendants' Answer where Defendants admit that they delivered an automated sales text message to the telephone number in question [Plaintiff's cell phone number, 484-626-3942]. Defendants and Plaintiff are both in

agreement that one automated text message was not manually typed and was sent to the Plaintiff's cellular phone number. Defendants and Plaintiff both appear to be in agreement that Defendants called or texted Plaintiff's cell phone at least six (6) times in 2018. The primary point of contention right now is whether or not an automatic telephone dialing system (ATDS) was used for the other calls at issue.

      The TCPA is a strict liability statute that imposes strict liability upon those who would violate the provisions of the relevant statute. There is no principle or theory of equity that will allow them to avoid this liability.

      The doctrine of unclean hands is insufficient and immaterial to the issues that gave rise to Plaintiff's cause of action against the Defendant. Defendant has stated a mere legal conclusion without any factual substantiation as detailed and demanded by ***Bell Atlantic v. Twombly*** and ***Ashcroft v. Iqbal***.

      Defendants apparently believe that principles of equity can be used to avoid a statutory mandate, although this matter has been addressed in numerous other courts and the matter is well-settled in regards to the case law.
See- ***State Farm v. Superior Court*** (1996) 45 Cal. App. 4th 1093, 1102), "principles of equity cannot be used to avoid a statutory mandate."; ***Ghory v. Al-Laham*** (1989) 209 Cal. App. 3d 1487, 1492 (The defense was stricken from the pleadings); ***Jiagbogu v. Mercedes-Benz USA***, 118 Cal. App. 4th 1235, 1244 (Cal. App. 2d Dist. 2004), "principles of equity [cannot] be used to avoid a statutory mandate."

      Furthermore, the assertion of an affirmative defense of "unclean hands" is essentially an accusation that the Plaintiff has perpetrated some sort of fraud or engaged in some sort of behavior that might even be criminal. With such an accusation being leveled, Plaintiff is entitled

to fair notice as to the factual grounds for the accusation rather than just being put on notice that the Defendant may accuse him of fraud, may accuse him of some sort of misconduct, may accuse him of something that is outright criminal, but he will be left in the dark as to what exactly he will be accused of because the Defendant does not deem fit to provide any factual basis for the grounds of the forthcoming accusation.

There can be no factual basis for Defendant to accuse Plaintiff of some sort of fraud, deception, criminal misconduct, or ethical wrong-doing. In essence Defendant wants to attempt to poison the well in hopes of clouding the issue, with the issue being that they violated a strict liability statute and do not have a leg to stand on in regards to a legitimate, legally-permissible defense. There is not a permissible defense and they have not really elaborated on the details of their purported defense because they know they do not have it; the defense being prior express consent. Instead they have cheap accusations that Plaintiff has conducted himself in a manner consistent with a charge of "unclean hands" without giving fair notice as to the factual grounds for such an assertion. There is nothing the Defendant can present that will mitigate or excuse the fact that they violated a strict liability statute.

Plaintiff has no idea if Defendants intend to accuse him of fraud in open court and, if so, upon what basis the accusations will be made. They have not asserted any factual support for their boilerplate affirmative defense of "unclean hands" yet they will happily terrorize Plaintiff with the threat of possibly being accused of fraud in open court and they will cost Plaintiff resources in having to prepare for an accusation that might never come and which has not been given any factual substantiation.

Plaintiff requests that the Court strike this affirmative defense. In the alternative, Plaintiff requests that the Court strike the affirmative defense without prejudice and with leave to amend,

if the Defendants would like an opportunity to re-cast this affirmative defense into something concrete or something that makes actual sense and might constitute a valid defense in a TCPA context.

### **THIRD DEFENSE**

Defendants' Third Affirmative Defense, that Plaintiff has failed to mitigate his damages, is not only insufficient; it is a direct challenge to incredibly well-established and well-settled case law. There is no basis in law for defendant to be allowed to assert "failure to mitigate" as an affirmative defense in this strict liability TCPA action. A Plaintiff in a TCPA action has absolutely no duty to mitigate damages in any regard.

See- ***Holtzman v. Turza***, No. 08 C 2014, 2010 WL 3076258, at *5 (N.D.Ill. Oct. 29, 2010); ***Fillichio v. M.R.S Associates, Inc***., No. 09-612629-CIV, 2010 WL 4261442, at *5 (S.D.Fla.0 Oct. 19, 2010); ***State ex rel. Charvat v. Frye***, 114 Ohio St.3d 76, 868 N.E.2d 270, 275 (2007); ***Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc***., 139 S.W.3d 342, 347 (Tex.Ct.App.2004); ***Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp***., No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo.Cir. May 17, 2006); ***Jemiola v. XYZ Corp***., 126 Ohio Misc.2d 68, 802 N.E.2d 745, 750 (2003); ***Powell v. West Asset Management, Inc***.  (Dist. Court, NC Illinois 2011)

In ***State ex rel. Charvat v Frye***, the court held-

*"Finally, notwithstanding Judge Frye's argument to the contrary, his reliance on the common-law principle of volenti non fit injuria (a person is not wronged by that to which he consents) and that an injured party must mitigate his damages is misplaced. There is no duty to mitigate in TCPA cases. See, e.g.,**Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc**.(Tex.App.2004), 139 S.W.3d 342, 347-348 (plaintiff in TCPA case did not have duty to mitigate its damages by using statutory method to request defendant to stop transmitting unsolicited facsimile ads instead of simply collecting the ads and suing)."*

Defendant should not be allowed to waste time by advancing a theory "failure to

mitigate" that must be seen as frivolous in light of the mountain of settled precedent on that exact point of law. There is no duty to mitigate damages in regards to the TCPA which is a strict liability statute. Defendant's third affirmative defense should be stricken with prejudice as insufficient, immaterial, and impertinent as that case law is very well established and that question of law is settled.

Failure to mitigate is a common law defense and as such it cannot be used to override an issue of strict liability arising from a statutory mandate. A principle of equity cannot be used to avoid a statutory mandate; thus the affirmative defense has no possible relation to the controversy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants claim that Plaintiff would be unjustly enriched if Plaintiff's sought relief was granted. The unjust enrichment affirmative defense is foolhardy. The doctrine of unjust enrichment applies to contracts, not the TCPA. The TCPA provides for statutory damages, which were specifically laid out by Congress. Unjust enrichment is not a valid defense to the TCPA, which is a strict liability statute. Thus, Defendants' 17th Affirmative Defense should be stricken with prejudice.

## NINETEENTH DEFENSE

Defendant's 19th Affirmative Defense alleges that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff cites Federal Rule of Civil Procedure 8(a) which states:

"(1) A pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that pleader is entitled to relief; and (3) a demand for the relief sought…"

The Amended Complaint by Plaintiff contains a short and plain statement of the claim

and it shows that the Plaintiff is entitled to relief, with a demand for the relief sought by Plaintiff. Defendant's 19th Affirmative Defense is a frivolous pre-canned boilerplate defense that is insufficient and should be stricken as allowing them to proceed with such a defense would result in the wasting of the Court's time and it would be a waste of Plaintiff's time.

Even if Plaintiff had failed to state a claim, a reasonably well pleaded complaint should withstand a motion to dismiss for failure to state a claim or for a more definite statement. See **Buslepp v. B&B Entm't**, *L.L.C*., 2012 WL 1571410 (S. D. Fla. May 3, 2012) (failure to identify class members in complaint not fatal); **Stabile v. United Recovery Systems, L.P**., 2011 WL 5578981 (E.D. N.Y. Nov. 16, 2011) denying motion to dismiss and granting motion to amend complaint); **Dr. Stuart T. Zaller, L.L.C. v. Pharmawest Pharmacy, Ltd**., 2011 WL 5508912 (D. Md. Nov. 8, 2011) (allegations against "Defendants' or 'all Defendants,' without specifying which defendant did or knew what, put named defendant clearly on notice);

If Defendants wanted to challenge the legal sufficiency of Plaintiff's Complaint or Amended Complaint, they could have filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). Instead they answered the Complaint and Amended Complaint, both times. So, this Affirmative Defense does not make sense here, and should be stricken, or at a minimum it should be stricken without prejudice for being inadequately pleaded.

Dated: 9/19/2018                                                                RESPECTFULLY SUBMITTED,

*/s/   James Everett Shelton*
James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
Jeshelton595@gmail.com
Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2018, I filed the foregoing with the Clerk of Court, which will automatically send notification of such filing to all attorneys of record by placing the same on the Court's electronic docket.

                                                  _/s/ James Everett Shelton_____
                                                  James Everett Shelton